# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2021**

E-Filing Number: 2107002146

**002563**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> JACQUELYN M. QUINN | **DEFENDANT'S NAME** <br> THE NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK |
| **PLAINTIFF'S ADDRESS** <br> 2559 CRUM CREEK DRIVE <br> BERWYN PA 19312 | **DEFENDANT'S ADDRESS** <br> 60 MASSACHUSETTS AVENUE NE <br> WASHINGTON DC 2002 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY D/B/A SEP |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 1234 MARKET STREET 5TH FLOOR <br> PHILADELPHIA PA 19107 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> PECO ENERGY COMPANY |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 2301 MARKET STREET <br> PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 3 | [X] Complaint <br> [ ] Writ of Summons | [ ] Petition Action <br> [ ] Transfer From Other Jurisdictions | [ ] Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY

JUL 01 2021

S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**  YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JACQUELYN M. QUINN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> JOSEPH P. CONNOR | ADDRESS <br> CONNOR, WEBER & OBERLIES <br> 171 W LANCASTER AV <br> PAOLI PA 19301 |
|---|---|
| PHONE NUMBER <br> (610) 640-2800 | FAX NUMBER <br> (610) 640-1520 |
| SUPREME COURT IDENTIFICATION NO. <br> 25329 | E-MAIL ADDRESS <br> jconnor@cwolaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> JOSEPH CONNOR | DATE SUBMITTED <br> Thursday, July 01, 2021, 04:23 pm |

Case ID: 210602563

FINAL COPY (Approved by the Prothonotary Clerk)

CONNOR, WEBER & OBERLIES  
By: JOSEPH P. CONNOR, III, ESQUIRE  
Attorney Identification #: 25329  
171 West Lancaster Avenue, Suite 100  
Paoli, Pennsylvania 19301  
(610) 640-2810

Attorney for Plaintiff  
Jacquelyn M. Quinn

*Filed and Attested by the Office of Judicial Records 02 JUL 2021 08:33 pm E. HAUBEN*

| | | |
|---|---|---|
| JACQUELYN M. QUINN<br>2559 Crum Creek Drive<br>Berwyn, PA 19312<br>          Plaintiff | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | : | |
| THE NATIONAL RAILROAD<br>PASSENGER CORPORATION<br>D/B/A AMTRAK<br>60 Massachusetts Avenue NE<br>Washington, DC 20002-4825 | : | NO.: |
| and | : | |
| SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY<br>D/B/A SEPTA<br>1234 Market Street<br>5th Floor<br>Philadelphia, PA 19107 | : | |
| and | : | |
| PECO Energy Company<br>2301 Market Street<br>Philadelphia, PA 19103<br>          Defendants | : | JURY TRIAL DEMANDED |

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Case ID: 210602563

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

2

```
CONNOR, WEBER & OBERLIES
By:  JOSEPH P. CONNOR, III, ESQUIRE          Attorney for Plaintiff,
Attorney Identification #: 25329              Jacquelyn M. Quinn
171 West Lancaster Avenue, Suite 100
Paoli, Pennsylvania 19301
(610) 640-2810
```

| | |
|---|---|
| JACQUELYN M. QUINN<br>2559 Crum Creek Drive<br>Berwyn, PA 19312<br>   Plaintiff<br><br>vs.<br><br>THE NATIONAL RAILROAD<br>PASSENGER CORPORATION<br>D/B/A AMTRAK<br>60 Massachusetts Avenue NE<br>Washington, DC 20002-4825<br><br>  and<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY<br>D/B/A SEPTA<br>1234 Market Street<br>5th Floor<br>Philadelphia, PA 19107<br><br>  and<br><br>PECO Energy Company<br>2301 Market Street<br>Philadelphia, PA 19103<br>   Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br><br><br><br>NO.:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Jacquelyn M. Quinn, is an adult individual residing at 2559 Crum Creek Drive, Berwyn, Chester County, PA 19312.

2. Defendant, The National Railroad Passenger Corporation d/b/a Amtrak (hereinafter "Defendant Amtrak" or collectively as "Defendants") is a business entity authorized

3

Case ID: 210602563

to do business in the Commonwealth of Pennsylvania with a registered office and business address of 60 Massachusetts Avenue NE, Washington, DC 20002-4825 and routinely conducts business at 2955 Market Street, Philadelphia, PA 19104.

3. Defendant, Southeastern Pennsylvania Transportation Authority d/b/a SEPTA (hereinafter "Defendant Septa" or collectively as "Defendants") is a business entity authorized to do business in the Commonwealth of Pennsylvania, with a registered office and business address of 1234 Market Street, Fifth Floor, Philadelphia, PA 19107.

4. Defendant, PECO Energy Company (hereinafter "Defendant PECO" or collectively as "Defendants") is a business entity authorized to do business in the Commonwealth of Pennsylvania with a mailing address of 2301 Market Street, Philadelphia, PA 19103, and a registered address for service of Corporate Creations Network, Inc., 1001 State Street, #1400, Erie, PA 16501.

5. The Defendants regularly and systematically conduct business in Philadelphia County, Pennsylvania.

6. The amount in controversy exceeds the limits in the amount of Fifty Thousand ($50,000.00) established for compulsory arbitration by and for the Court of Common Pleas of Philadelphia County.

7. On or about December 13, 2019, the above-mentioned Defendants owned, possessed, inspected, operated, maintained, managed, licensed, supervised, repaired and/or controlled and/or had the right to control the sidewalk and grate/utility cover at Ardmore Square, Anderson Avenue, Ardmore, Montgomery County, Pennsylvania 19003 (hereinafter referred to as the "premises").

8. Upon information and belief, Defendants are responsible for the management, operation, inspection, supervision, maintenance, repairs, and control of the premises

9. On or about December 13, 2019, at approximately 6:30 p.m., Plaintiff, Jacquelyn M. Quinn, was traversing the sidewalk and grate/utility cover located at Ardmore Square, Anderson Avenue, Ardmore, Montgomery County, Pennsylvania 19003, when she was caused to lose her balance, slip, stumble and violently fall thereby sustaining serious and permanent injuries more fully set forth herein due to an a defective sidewalk and grate/utility cover which had existed in that state for a sufficient time such that Defendants' agents and/or employees knew or should have known of its existence and had time to remedy same.

10. At all times relevant hereto, Defendants knew or should have known that there was a defective sidewalk and grate/utility cover on the premises which posed a serious risk of harm to persons such as Plaintiff, Jacquelyn M. Quinn.

11. At all times relevant hereto, Plaintiff, Jacquelyn M. Quinn, relied upon the fact that the Defendants would maintain the premises in a safe manner and Defendants' failure to maintain the premises as aforesaid increased the risk of harm to Plaintiff, Jacquelyn M. Quinn.

12. At all times relevant hereto, Defendants acted by and through their agents (actual, apparent or ostensible), servants, workmen, licensees, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment and authority for Defendants.

13. This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff, Jacquelyn M. Quinn.

**COUNT I – NEGLIGENCE**
**JACQUELYN M. QUINN v. DEFENDANT,**
**THE NATIONAL RAILROAD PASSENGER CORPORATION**
**D/B/A AMTRAK**

14. Plaintiff, Jacquelyn M. Quinn, hereby incorporates Paragraphs 1 through 13 of this Complaint as through more fully set forth herein at length.

15. The aforesaid accident was caused by the negligence and carelessness of Defendant Amtrak's acts as aforesaid, which negligence and carelessness consisted, *inter alia*, of the following:

    (a)    failing to repair the defective condition as described above;

    (b)    failing to properly, completely and thoroughly inspect, repair and maintain the premises as described above;

    (c)    failing to promptly and carefully post warning signs and/or notices to warn individuals of the defective, slippery and hazardous condition;

    (d)    allowing the said hazardous, slippery and dangerous condition to exist once created;

    (e)    failing to inspect and failing to establish a policy of inspection;

    (f)    failing to repair and/or remedy the hazardous, slippery and dangerous condition;

    (g)    failing to hire a contractor and/or repair person to repair or maintain the hazardous, slippery and dangerous condition;

    (h)    failing to properly train and supervise its employees;

    (i)    otherwise acting in a manner that was negligent, careless and reckless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to Plaintiff herein; and

    (j)    violating applicable ordinances and property maintenance codes for the City of Ardmore and the Commonwealth of Pennsylvania as

well as such other statutes and case law governing the maintenance of property.

16. As a direct and proximate result of Defendant Amtrak's negligence, Plaintiff, Jacquelyn M. Quinn, sustained severe and multiple injuries, both internal and external, to and about her body and extremities and/or aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous systems, including but not limited to: closed bimalleolar fracture of the right ankle requiring surgery and hardware including plate and screws, closed right ankle dislocation, right ankle pain, right ankle swelling, right ankle bruising, altered gait, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities and the full extent of which is not known.

17. As a further result of said accident, Plaintiff, Jacquelyn M. Quinn, has suffered severe pain, mental anguish, humiliation, and embarrassment and she will continue to suffer same for an indefinite period of time into the future.

18. As a further result of said accident, Plaintiff, Jacquelyn M. Quinn, has been unable in the past, and is unable in the future, to attend to Plaintiff's usual duties, activities, vocations and avocations, all to the Plaintiff's great determinant and loss including impairment of future earning capacity and wage loss.

19. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has and will in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

20. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has incurred medical expenses that were reasonable, necessary and casually related to the aforesaid accident. Plaintiff is expected to continue to expend sums for medical expenses into the future for the care, treatment and attempted cure of Plaintiff's injuries which are reasonable, necessary and casually related to the aforesaid accident.

21. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to the Plaintiff's great financial loss and detriment including impairment of future earning capacity and wage loss.

WHEREFORE, Plaintiff, Jacquelyn M. Quinn, demands judgment against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

## COUNT II – NEGLIGENCE
## JACQUELYN M. QUINN v. DEFENDANT
## SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY D/B/A SEPTA

22. Plaintiff, Jacquelyn M. Quinn, hereby incorporates Paragraphs 1 through 21 of this Complaint as through more fully set forth herein at length.

23. The aforesaid accident was caused by the negligence and carelessness of Defendant Septa's acts as aforesaid, which negligence and carelessness consisted, *inter alia,* of the following:

    (a) failing to repair the defective condition as described above;

    (b) failing to properly, completely and thoroughly inspect, repair and maintain the premises as described above;

    (c) failing to promptly and carefully post warning signs and/or notices to warn individuals of the defective, slippery and hazardous condition;

(d) allowing the said hazardous, slippery and dangerous condition to exist once created;

(e) failing to inspect and failing to establish a policy of inspection;

(f) failing to repair and/or remedy the hazardous, slippery and dangerous condition;

(g) failing to hire a contractor and/or repair person to repair or maintain the hazardous, slippery and dangerous condition;

(h) failing to properly train and supervise its employees;

(i) otherwise acting in a manner that was negligent, careless and reckless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to Plaintiff herein; and

(j) violating applicable ordinances and property maintenance codes for the City of Ardmore and the Commonwealth of Pennsylvania as well as such other statutes and case law governing the maintenance of property.

24. As a direct and proximate result of Defendant Septa's negligence, Plaintiff, Jacquelyn M. Quinn, sustained severe and multiple injuries, both internal and external, to and about her body and extremities and/or aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous systems, including but not limited to: closed bimalleolar fracture of the right ankle requiring surgery and hardware including plate and screws, closed right ankle dislocation, right ankle pain, right ankle swelling, right ankle bruising, altered gait, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities and the full extent of which is not known.

25. As a further result of said accident, Plaintiff, Jacquelyn M. Quinn, has suffered severe pain, mental anguish, humiliation, and embarrassment and she will continue to suffer same for an indefinite period of time into the future.

26. As a further result of said accident, Plaintiff, Jacquelyn M. Quinn, has been unable in the past, and is unable in the future, to attend to Plaintiff's usual duties, activities, vocations and avocations, all to the Plaintiff's great determinant and loss including impairment of future earning capacity and wage loss.

27. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has and will in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

28. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has incurred medical expenses that were reasonable, necessary and casually related to the aforesaid accident. Plaintiff is expected to continue to expend sums for medical expenses into the future for the care, treatment and attempted cure of Plaintiff's injuries which are reasonable, necessary and casually related to the aforesaid accident.

29. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to the Plaintiff's great financial loss and detriment including impairment of future earning capacity and wage loss.

WHEREFORE, Plaintiff, Jacquelyn M. Quinn, demands judgment against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in

compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT II – NEGLIGENCE
### JACQUELYN M. QUINN v. DEFENDANT
### PECO ENERGY COMPANY

30. Plaintiff, Jacquelyn M. Quinn, hereby incorporates Paragraphs 1 through 29 of this Complaint as through more fully set forth herein at length.

31. The aforesaid accident was caused by the negligence and carelessness of Defendant PECO's acts as aforesaid, which negligence and carelessness consisted, *inter alia*, of the following:

(a) failing to repair the defective condition as described above;

(b) failing to properly, completely and thoroughly inspect, repair and maintain the premises as described above;

(c) failing to promptly and carefully post warning signs and/or notices to warn individuals of the defective, slippery and hazardous condition;

(d) allowing the said hazardous, slippery and dangerous condition to exist once created;

(e) failing to inspect and failing to establish a policy of inspection;

(f) failing to repair and/or remedy the hazardous, slippery and dangerous condition;

(g) failing to hire a contractor and/or repair person to repair or maintain the hazardous, slippery and dangerous condition;

(h) failing to properly train and supervise its employees;

(i) otherwise acting in a manner that was negligent, careless and reckless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to Plaintiff herein; and

(j) violating applicable ordinances and property maintenance codes for the City of Ardmore and the Commonwealth of Pennsylvania as well as such other statutes and case law governing the maintenance of property.

32. As a direct and proximate result of Defendant PECO's negligence, Plaintiff, Jacquelyn M. Quinn, sustained severe and multiple injuries, both internal and external, to and about her body and extremities and/or aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous systems, including but not limited to: closed bimalleolar fracture of the right ankle requiring surgery and hardware including plate and screws, closed right ankle dislocation, right ankle pain, right ankle swelling, right ankle bruising, altered gait, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities and the full extent of which is not known.

33. As a further result of said accident, Plaintiff, Jacquelyn M. Quinn, has suffered severe pain, mental anguish, humiliation, and embarrassment and she will continue to suffer same for an indefinite period of time into the future.

34. As a further result of said accident, Plaintiff, Jacquelyn M. Quinn, has been unable in the past, and is unable in the future, to attend to Plaintiff's usual duties, activities, vocations and avocations, all to the Plaintiff's great determinant and loss including impairment of future earning capacity and wage loss.

35. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has and will in the future, be obliged to receive and undergo medical attention, which was or will be reasonable

and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

36. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has incurred medical expenses that were reasonable, necessary and casually related to the aforesaid accident. Plaintiff is expected to continue to expend sums for medical expenses into the future for the care, treatment and attempted cure of Plaintiff's injuries which are reasonable, necessary and casually related to the aforesaid accident.

37. As a further result of the said accident, Plaintiff, Jacquelyn M. Quinn, has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to the Plaintiff's great financial loss and detriment including impairment of future earning capacity and wage loss.

WHEREFORE, Plaintiff, Jacquelyn M. Quinn, demands judgment against Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

CONNOR, WEBER & OBERLIES

By: *Joseph P. Connor, III*
JOSEPH P. CONNOR, III, ESQUIRE
Attorney for Plaintiff,
Jacquelyn M. Quinn

Date: 7/1/2021

## VERIFICATION

I, Jacquelyn M. Quinn, state that the statements made in the Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

4/12/21
Date

_____
Jacquelyn M. Quinn